BERZON, Circuit Judge,
dissenting:
I would grant the petition for review. The Board of Immigration Appeals (BIA) improperly imported an earlier negative credibility finding into the motion to reopen context and improperly discounted affidavits submitted with the motion to reopen.
Affidavits submitted with a motion to reopen must be taken as true unless inherently unbelievable, see Bhasin v. Gonzales, 423 F.3d 977, 987 (9th Cir. 2005), and newly asserted facts cannot be disregarded based on past adverse credibility findings unless those findings were conclusive and contradict the facts newly asserted in affidavits, see Toufighi v. Mukasey, 538 F.3d 988, 994-95, 997 (9th Cir. 2008).
A key aspect of Singh’s motion to reopen concerned threats made in India in 2013 with regard to activities in which Singh allegedly engaged after he left India—financing Sikh militants from abroad. The facts raised regarding those activities and threats did not conflict with the immigration judge’s 2004 adverse credibility findings, as neither the alleged activity nor the alleged threats had yet occurred. The facts asserted in the 2013 affidavits from Singh’s relatives regarding the 2013 threats— which were assertedly based on different activities than the earlier threats—therefore should have been taken as true for purposes of determining whether to grant the 2013 motion to reopen. As the BIA instead discredited the affidavits, it misapplied the pertinent legal standards. For that reason, the petition for review should be granted.
Moreover, although the majority relies on the BIA’s alternative bases for discounting the affidavits with respect to the *651 2013 threats, those grounds are not supported by substantial evidence. Singh’s account and his uncle’s are not in conflict, and the brother’s quite specific account of the threats was in no way “equivocal, con-clusory, [or] speculative.” Although Singh’s brother, understandably, could not say for sure what would happen to Singh if he returned, that failure to predict the future in no way detracts from the factual statements he made about the threats against Singh.
On return of the case, the BIA would be free, of course, to consider other aspects of the motion to reopen—for example, whether the affidavits, if credited, would demonstrate changed country conditions when considered together with the other evidence submitted, and whether the motion was timely as measured from Singh’s knowledge of the new threats. But we are not empowered to address these issues in the first instance. See Lopez v. Ashcroft, 366 F.3d 799, 806 (9th Cir. 2004).
As I would grant the petition for review on this limited basis, I respectfully dissent.